(Sup.) 67 N. Y. Supp. 891, the learned justice did not consider, as it seems to us, the difference between the general definition of property in the statutory construction act and in the cases cited by him, and the limited definition contained in the tax law; but he put his decision solely upon the ground that the membership in the stock exchange being property, within the broad, general definition, the money used to buy it was a sum invested in business. We are unable to agree with his reasoning, and therefore cannot adopt the conclusion which he reached.

These considerations require us to conclude that the personal privilege of this relator is not capital invested in his business, within the meaning of section 7 of the tax law, and for that reason he was not taxable upon it; and therefore the order dismissing the writ should be reversed, and the assessment vacated, with costs. All concur, except O'BRIEN, J., who dissents.

---

SKLARSKY v. MARINE MFG. & SUPPLY CO.

(Supreme Court, Appellate Term. December 26, 1900.)

SALES—RETURN OF GOODS—ACCEPTANCE—CONFORMITY TO SAMPLE—BREACH OF CONTRACT.

Where the goods were promptly returned by plaintiff and accepted by defendant, and the price returned, and the trial court found on sufficient evidence that the goods did not conform to the sample from which the sale was made, a judgment for plaintiff in an action for breach of contract is sustained by the evidence.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Morris Sklarsky against the Marine Manufacturing & Supply Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Harry W. Hart, for appellant.
Maurice W. Beckhardt, for respondent.

PER CURIAM. There was evidence enough in this case to support a finding that the sale was by sample, and that the goods delivered did not conform to the sample. The goods were promptly returned by the plaintiff as soon as this was discovered, and were accepted by the defendant, who returned the purchase money. The plaintiff brought this action to recover damages for the breach of the contract. There is no question of warranty, express or implied, in the case. The sole inquiry is, did the defendant deliver to the plaintiff that which it had agreed to sell? and, the trial justice having resolved that question in favor of the plaintiff upon evidence which we cannot say was insufficient, the judgment must be affirmed.

Judgment affirmed, with costs.